UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 96-29-B-W |
| | ) |
| JUDITH ELAINE HEIKKINEN, | ) |
| | ) |
| Defendant. | ) |

REPORT OF TELEPHONE CONFERENCE
AND ORDER

I held a telephone conference at Bangor, Maine, on Wednesday, January 27, 2010, commencing at 1:30 p.m. and concluding at 1:45 p.m., with the following counsel participating:

Evan Roth, AUSA for the Government

G. Bradley Snow, Esq., for Defendant

I requested this conference with counsel concerning Defendant's Motion for Order Exempting Property (Doc. No. 27). Attorney G. Bradley Snow entered his oral appearance on behalf of Ms. Heikkinen. Defendant's counsel then informed me that Ms. Heikkinen waives her right to further evidentiary hearing in this matter as there is no dispute as to the source of the funds held by New York Life. The issue for the court's determination is whether the annuity is exempt from garnishment in the context of court ordered restitution in a criminal case. The case of United States v. Rice, 196 F.Supp.2d 1196 (N.D. Okla. 2002) and the provisions of the Internal Revenue Code, 26 U.S.C. § 6334(a)(1), when read in conjunction with 18 U.S.C. § 3613(a), establish to my satisfaction that the annuity in question is not subject to an exemption. The remaining issue in dispute is whether the Government is entitled to garnish the entire annuity or whether the garnishee should first deduct federal and state withholding taxes and penalties to satisfy both the IRS and the State of Maine and provide the Government with the net

proceeds in satisfaction of its garnishment order. This question is not so clearly answered by the statutory provisions and IRS regulations. Mr. Snow cited United States v. Anderson, 2007 WL 2703160 (not reported in F.Supp.2d)(W.D. Okla.) as authority for the proposition that only the net proceeds should be subject to garnishment. The Government has not yet had time to respond to this issue as it was raised for the first during the telephonic conference.

I ordered the government to submit by Wednesday, February 3, 2010, a proposed Order of Garnishment that specifically addresses the issue raised here today by Mr. Snow; i.e., whether the amount to be garnished is the net or gross amount of Ms. Heikkinen's annuity. Defendant shall file any specific objection to the proposed order submitted by the government by Friday, February 5, 2010.

Further, the Clerk is directed to enter Mr. Snow's appearance on behalf of Defendant Judith Elaine Heikkinen.

*So Ordered.*

January 27, 2010                         /s/ Margaret J. Kravchuk
                                         U.S. Magistrate Judge